IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONAN DOYLE ESTATE LIMITED,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　　　　Defendants. | Case No. 23-cv-14556<br><br>**Judge Martha M. Pacold**<br><br>**Magistrate Judge Jeffrey Cole** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR ELECTRONIC SERVICE OF
<u>PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)</u>**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Conan Doyle Estate Limited ("Plaintiff") seeks this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties that includes a link to said website. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from online marketplaces and payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

1

**MEMORANDUM OF LAW**

I.      INTRODUCTION AND BACKGROUND

Electronic service is appropriate and necessary in this case because offshore e-commerce store operators offering for sale products using infringing or counterfeit trademarks typically: (1) provide false, misleading, and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Martin F. Trainor (the "Trainor Dec.") at ¶ 2. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a verifiable physical address on the e-commerce store. Trainor Dec. at ¶ 3. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms like Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Fruugo, Walmart, and Wish when registering their account. *Id.* However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. *Id.* Because e-commerce store operators can currently input any physical address without verification measures in place, such addresses are usually false and/or are not where the e-commerce store operator is

located. *Id.* at ¶ 4. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants. *Id.*

E-commerce store operators must also provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically rather than through traditional service of process methods.

## II. ARGUMENT

### a. Electronic Service of Process is Permitted Under Fed. R. Civ. P. 4(f)(3)

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The *Rio Properties* Court held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including the courts in this district, have held that alternative forms of service pursuant to Rule 4(f)(3), including email service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Fed. R. Civ. P. 4(f)(3); *Id.* at 1018; *see also, Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v.*

*Medenstar Indus. Co.*, 312 F.R.D. 329, 331–32 (S.D.N.Y. 2015) (same); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding email and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing email service); *see also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-1018; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure."). Allowing service solely by electronic publication and email in the present case is appropriate and comports with constitutional notions of due process, particularly given the Defendants' unverifiable identities and associated online activities.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). Fed. R. Civ. 4(f)(3); *see also Rio*, 284 F.3d at 1007, 1014-15. As the *Rio* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* As such, this Court may allow Plaintiff to serve Defendants via electronic publication and/or email.

    b. <u>Electronic Service of Process is Appropriate in this Case</u>

An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a verifiable physical address on the

4

e-commerce store. *See* Trainor Dec at ¶ 3. Plaintiff has good cause to suspect that the Defendants are all residents of foreign countries which are signatories to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters ("Hague Convention"). *See id.* According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. at ¶ 5.

Indeed, United States District Courts, including courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."). The Hague Convention also does not preclude service by e-mail. Trainor Dec. at ¶ 5; *see, e.g., Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention").

Furthermore, courts have confirmed the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 482 F.3d 494, 498 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).")). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods …" because of the

5

injunctive relief sought by Plaintiffs. *Strabala v. Zhang*, 318 F.R.D 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, this Court may allow Plaintiff to serve Defendants via electronic publication and e-mail.

For the aforementioned reasons, Plaintiff requests this Court's permission to serve Defendants via email and electronic publication. In accordance with this request, the proposed Temporary Restraining Order includes authorization to serve Defendants electronically and provides for the issuance of a single original summons[1] in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

Dated this 11th day of October 2023.     Respectfully submitted,

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com

*Counsel for Plaintiff Conan Doyle Estate Limited*

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "[i]f there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).