IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONAN DOYLE ESTATE LIMITED<br><br>                    Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                    Defendants. | Case No. 23-cv-14556<br><br>**Judge Martha M. Pacold**<br><br>**Magistrate Judge Jeffrey Cole** |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Defendant Sugargoo ("Sugargoo") hereby respectfully requests that this Court deny the motion for entry of a preliminary injunction sought by Plaintiff CONAN DOYLE ESTATE LIMITED (the "Plaintiff"). In the alternative, Sugargoo respectfully requests that the Court declare that the TRO previously entered, and any Preliminary Injunction that the Court may hereafter enter, does not apply to or bind Sugargoo.

**PROCEDURAL BACKGROUND**

On October 11, 2023, Plaintiff sought an *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") that is directed against Sugargoo, one of the defendants on Schedule A, and the TRO was obtained on October 19, 2023. On November 14, 2023, Plaintiff filed a Motion for Entry of a Preliminary Injunction.

Sugargoo respectfully opposes extension of the TRO or entry of any comparable preliminary injunction. Alternatively, Sugargoo requests clarification from the Court that it is not bound by the TRO or by any subsequent preliminary injunction. Although Sugargoo does not

believe that it is so bound, Plaintiff has taken the position that it is and accordingly Sugargoo is placed in a precarious position absent clarification from the Court of its rights and/or obligations.

## **FACTUAL BACKGROUND**

Plaintiff brought this action against the defendants identified on Schedule A, in which Sugargoo was listed, for (1) federal trademark infringement and counterfeiting, and (2) false designation of origin. Plaintiff alleged in the Complaint that the Defendants are "promoting, advertising, distributing, offering for sale, and selling products using infringing and counterfeit versions of Plaintiff's trademarks through at least the fully interactive e-commerce stores under the seller aliases identified in Schedule A to the Complaint."

Shenzhen Xiao Tang Ren Technology Company Ltd, DBA Sugargoo/Sugargoo.com, is a company registered in Shenzhen, China. Sugargoo's business model is to serve as an intermediary search platform, to provide product search links for its customers. Sugargoo does not sell, offer to sell, or distribute any products, directly or indirectly. Instead, Sugargoo is a searching platform to connect users and customers.

Sugargoo respects intellectual property rights and is committed to protecting the rights of brand owners. Under Sugargoo's Intellectual Property Policy, Sugargoo has established a complaint procedure to deal with any links appear on Sugargoo that lead to products that may infringe intellectual property rights. Sugargoo will initiate an investigation once the complaint is received, and Sugargoo will take actions including and not limited to: to remove the products' link from Sugargoo's website, to notify the product seller and request them to cease selling the product, and to forward the complaint to relevant law enforcement authorities[1].

---

[1] The Sugargoo Intellectual Property Policy can be found on Sugargoo's website: https://␣␣␣.sugargoo.com/#/viewPage?businessType=menu&businessId=681975282600865491

Thus, Plaintiff mistakenly treated Sugargoo/www.sugargoo.com as a seller, a vendor or a shipper and wrongfully listed Sugargoo in Schedule A. The preliminary injunction sought by Plaintiff cannot and should not enter to bind Sugargoo.

**ARGUMENT**

I. **PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS**

According to Plaintiff's Motion to Enter of a Preliminary Injunction, Plaintiff's application of the standard for Temporary Restraining Order and Preliminary Injunction, inclds that: (1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; and (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction. *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

Plaintiff alleged in the Complaint that the Defendants, including Sugargoo, "are promoting, advertising, distributing, offering for sale, and selling products using infringing and counterfeit versions of Plaintiff's trademarks."

However, Sugargoo's business does not involve any of these activities. The main business mode of Sugargoo is serving as an intermediary search platform to provide product search links for its customers. Sugargoo does not sell, offer to sell, or distribute any products, directly or indirectly. Instead, Sugargoo is a searching platform to connect users and customers.

Users does not "BUY" products from Sugargoo. Instead, uses can search particular product links, which are provided by third-party merchants, on Sugargoo.

During the user's browsing process, Sugargoo provide functions such as information categorization, keyword search, and proactive push of third-party merchant products/services to

better match the user's shopping needs. This process also does not involve any promotion or advertisement, because all the information is provided by the third-party merchants. Sugargoo does not promote any particular product.

Based on the screenshots provided by the Plaintiff, Plaintiff failed to disclose Sugargoo's disclaimer, which clarified the responsibility of intellectual property disputes, as below:



This disclaimer is stated in every page of products, and users must click "I Agree" to complete the order, to ensure that Sugargoo will place orders on behalf of the users, and Sugargoo does not involve itself in selling, promoting or distributing any counterfeits products.

Therefore, Plaintiff wrongfully sued Sugargoo and is unlikely to succeed on the merits.

## II.   PLAINTIFF WILL NOT SUFFER IRREPARABLE INJURY BECAUSE SUGARGOO HAS ITS OWN INTELLECTUAL PROPERTY POLICY

Sugargoo respects intellectual property rights and is committed to protecting the rights of brand owners. Under Sugargoo's Intellectual Property Policy, Sugargoo has established a complaint procedure to deal with any links appear on Sugargoo that lead to products that may infringe intellectual property rights. Sugargoo will initiate an investigation once the complaint is received, and Sugargoo will take actions including and not limited to: to remove the products' link from Sugargoo's website, to notify the product seller and request them to cease selling the product, and to forward the complaint to relevant law enforcement authorities[2].

---

[2] The Sugargoo Intellectual Property Policy can be found on Sugargoo's website: https://www.sugargoo.com/#/viewPage?businessType=menu&businessId=681975282600865491

If the Preliminary Injunction is not granted, Sugargoo will still initiate an investigation to respect Plaintiff's trademarks and do reasonable efforts to eliminate potential intellectual property infringements. The details of investigation process and the way to reach out Sugargoo are all listed on Sugargoo's website[3]. Under Sugargoo's Intectual Property Policy, the results of investigation will be notified within 7 business days.

Therefore, Plaintiff will not suffer irreparable injury and Sugargoo will do its best to cooperate with the Plaintiff on any potential trademark infringements.

### III. THE BALANCE OF HARDSHIPS TIPS IN SUGARGOO'S FAVOR

The Plaintiff's Counsel notified Sugargoo by e-mail that "Amazon records indicate that $26,710.93 is restrained in your client's Amazon account" as below:



However, Sugargoo as an online platform does not have an Amazon account. It took Sugargoo some time to find out that it was Sugargoo's PayPal account being restrained. PayPal did not notify Sugargoo.

On one hand, Plaintiff's Counsel only notified Sugargoo with an e-mail containing wrong information. On the other hand, Sugargoo, as a company registered in China, has established a whole set of Intectual Property Rights response procedures to deal with all cases identical to this case.

Therefore, it can be concluded that the balancing of hardships tips in Sugargoo's favor.

### IV. THE PUBLIC IS NOT UNDER THE FALSE IMPRESSION

---

[3] https://www.sugargoo.com/#/viewPage?businessType=menu&businessId=68197528260086549

Plaintiff alleged that "Defendants have been profiting from the sale of Unauthorized Products … The public is currently under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement."

However, as stated above, Sugargoo does not sell any unauthorized products, directly or indirectly. Sugargoo is also making reasonable efforts to clarify that the products on Sugargoo are offered by third-party merchants, and Sugargoo will remove the products' link from Sugargoo's website, notify the product seller and request them to cease selling the product, and forward the complaint to relevant law enforcement authorities, once the products are reported as counterfeits.

Therefore, Sugargoo is taking responsibility of public interest, without the entry of the Preliminary Injunction.

## CONCLUSION

Sugargoo hereby respectfully request that this Court deny the motion for entry of a Preliminary Injunction sought by the Plaintiff. In the alternative, Sugargoo request that the Court declare that the TRO previously entered, and any Preliminary Injunciton that the Court may hereafter enter, does not apply to or bind Sugargoo.

/s/ Jing An
Jing An
Altman & An LLP
37-12 Prince Street, Unit 10B,
Flushing, NY 11354
Counsel for Defendant Sugargoo